CHARLES STANWOOD *versus* THEODORE S. MCLELLAN & *als.*

A witness cannot be allowed to refresh his memory, by referring to a memorandum taken from his books, when he cannot testify to the fact in question beyond what appears upon them; the books themselves must be produced.

When a person has been led to do certain acts by the admissions of another, the latter is estopped from disputing the truth of those admissions in respect to those acts and that person.

ON EXCEPTIONS to the rulings of DAVIS, J.

TRESPASS to recover the value of certain timber alleged to have been cut by the defendants on the plaintiff's land.

The questions raised, the facts which the evidence tended to prove in relation thereto, and the instructions of the presiding Judge, are stated in the opinion.

The second instruction requested by the defendants, and refused, was as follows: —

If the jury find the plaintiff and Ross both recognized the spotted line as the boundary of the Ross lot, and thereupon Ross sold to defendants all the trees northerly of said line, and the plaintiff, knowing this fact, previous to any trespass, pointed out this line to defendants and their workmen, and acknowledged it as the line, and assented to their cutting up to that line, the defendants are then not answerable in this action for any cutting north of that line, done by them or their authority, previous to their being notified by the plaintiff that said line was erroneous.

*E. Fox* and *Orr,* in support of the exceptions.

I. The witness should have been allowed to refresh his memory by referring to the memorandum.

The paper was not offered as evidence; but the witness, by referring to it, could testify to the facts. He should have been allowed to do so. 1 Greenl. Ev., §§ 90, 436, 437; *Rambert* v. *Cohen,* 4 Esp., 213; *Dalesin* v. *Starke,* ibid, 163; *Tanner* v. *Taylor,* cited by BULLER, J., 3 T. R., 754; *State* v. *Lull,* 37 Maine, 246.

II. The second requested instruction should have been given. The plaintiff was *estopped* by his acts from denying that the spotted line was the true line, so far as the conduct of the defendants was influenced by him. *Hearn* v. *Rogers*, 9 B. & C., 586, 588; *Shuffield R. R. Co.* v. *Woodcock*, 7 M. & W., 582; *Dewey* v. *Bordwell*, 9 Wendall, 66; *Cummings* v. *Webster*, 43 Maine, 194.

*Barrows*, for plaintiff, *contra*.

I. The memorandum was properly excluded. 1 Greenl. Ev., § 437; 3 Term R. 749; *Jones* v. *Strend*, 2 C. & P., 196.

II. The defendants were not injured by the instructions or the refusal to instruct.

They plead a license. Giving a license implies knowledge on the part of the giver, and an intention to waive his rights. The position of defendants, upon their own showing, is that of involuntary trespassers. They have tendered no amends, and seek to take advantage of a mistake of the plaintiff.

The instructions given were sufficiently favorable to them. *Thomas* v. *Thomas*, 2 Harris and Johnson, 506; 3 U. S. Digest, 533, § 78; *Stuyvesant* v. *Tompkins*, 9 Johns., 61; 3 U. S. Digest, 534, § 100.

The opinion of the Court was drawn up by

TENNEY, C. J.—One of the defendants, when he was upon the stand, as a witness, produced a memorandum, taken by him from his books, which were not present, containing a full account of all received from Ross lot, by the defendants, and the payments made on account of the operations, and offered and wished to refresh his memory by reference to the memorandum. The plaintiff objected and the witness was not allowed to do so.

It does not appear that the entries, in the original book, had any relation to the questions at issue; the cutting of the timber and wood upon the Ross lot, under the direction of the defendants, was foreign to the matter on trial, which was, whether the defendants, or those employed by them, had cut

over the line of the Ross lot, on the plaintiff's land. And how the amount of what was received from the wood and timber cut upon the Ross lot, lawfully, was material, does not appear. And the sums received from those who cut under the defendants, upon the Ross lot, entered upon the book of one of the defendants, may have been very different from those which were the real avails of the wood and timber cut. It appears, further, that the witness could not swear to the facts in question, upon this point of the case, beyond that which was supposed to appear upon his books, and, by a well established principle, the books themselves should have been produced, in order that the other party might cross-examine and have the benefit of the witness' refreshing his memory by every part. The exclusion of the memorandum was not erroneous. 1 Greenl. Ev., § 437.

It appeared, that the defendants purchased all the wood and timber on the Ross lot, with the right to cut and take it away in a certain time. The Ross lot adjoined the plaintiff's lot, which did not appear to be separated therefrom by a fence, but, not far from the true boundary, a distinct line, marked by spotted trees and stakes, was traced for a long distance.

There was evidence that the plaintiff told the defendants that this spotted line was the one, to which the defendants should cut the wood and timber; and that, by repeated acts and declarations, he indicated to them and their men employed in cutting, that the line so marked and designated was the one by which they should be governed; and the cutting, for a considerable time, was done accordingly. Afterwards, the plaintiff said that he had caused the line between his and the Ross lot to be run, and he had ascertained that he had made a mistake, in supposing the spotted line was correct, and requested the defendants not to cut thereto, but to limit themselves at the one he had run; and that, subsequent to that notice, the defendants had governed themselves thereby, and had cut nothing beyond the line last indicated by the plaintiff. The presiding Justice instructed the jury, that such evidence, if true, did not amount to a justification of the defendants,

unless the plaintiff at that time knew where the true line was. If the acts of the plaintiff were the result of his ignorance of the place where the true line was, the plaintiff is not thereby estopped in his right to recover in this action.

The true rule in such cases is given by BAYLEY, J., in *Hearn* v. *Rogers*, 9 B. & C., 577, cited by the defendants. " There is no doubt but that the express admissions of a party to the suit, or admissions implied from his conduct, are evidence, and strong evidence against him; but we think that he is at liberty to prove that such admissions were mistaken or untrue, and is not estopped or concluded by them, unless another person has been induced by them to alter his condition; in such a case, the party is estopped from disputing their truth with respect to that person, and that transaction."

The case of *Dewey* v. *Bordwell*, 9 Cowen, 66, is in principle analagous to the one before us, and the party who had taken upon himself to fix the boundary between him and his neighbor, though erroneous, but supposed by him to be correct, was estopped from disputing his own boundary, to the injury and rights of the property of the defendants.

The second requested instruction should have been given, and the instructions given to the jury upon this point were not correct.

The instruction, touching the question of damages, to which exceptions were taken, was correct, and the counsel for the defendants do not seem to have relied upon this point in their argument.          *Exceptions sustained, verdict set aside, and new trial granted.*

RICE, APPLETON and DAVIS, JJ., concurred.
KENT, J., concurred in the result.